# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADA CONNECTION, LLC, an Oklahoma Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>AXIS INSURANCE COMPANY,<br><br>Defendant. | Case No: CIV-16-0378-HE<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Ada Connection, L.L.C., and for its causes of action against the Defendant, AXIS Insurance Company, alleges and states:

1. At all times material hereto, Plaintiff, Ada Connection, L.L.C., (hereinafter "Ada") is an Oklahoma Limited Liability Company duly authorized to conduct business and with its principal place of business in Oklahoma. The members of Ada Connection, L.L.C., are as follows: Mark Millsap, Todd Robson, Darrell Thompson and James Michael Millsap. All of the members and ownership entities of Ada Connection, L.L.C., have citizenship in the State of Oklahoma and there is complete diversity between the Plaintiff, Ada Connection, L.L.C., and the Georgia corporation, AXIS Insurance Company.

2. Defendant, AXIS Insurance Company, (hereinafter "AXIS") is a foreign corporation incorporated, domiciled and maintains its principal place of business in Alpharetta, Georgia. AXIS is authorized to transact business within the State of Oklahoma and may be served with process through its designated

service agent, identified as: Corporation Service Company, 115 S.W. 89th Street, Oklahoma City, OK 73139-8511.

3. The amount in controversy is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

4. The involved commercial building located in Oklahoma City, was insured by AXIS, Policy No. MAB772540-15, effective March 31, 2015 through March 31, 2016. The subject policy was in full force and effect at all times pertinent hereto.

5. Based on the foregoing, this Court has jurisdiction over these parties and this subject matter and venue is proper herein.

6. Plaintiff's building sustained an insured loss from a hail storm on or about May 18, 2015.

7. Ada timely submitted a claim for the hail damage from the storm to AXIS and allowed Defendant to inspect the loss and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

8. AXIS breached the subject insurance contract by wrongfully refusing coverage, failing and refusing to pay the proper amounts due under the policy for the covered damage to the roof of Plaintiff's building.

9. AXIS breached the implied covenant of good faith and fair dealing in the insurance contract, in accord with its routine practice for the handling of such claims, in the following respects:

a. failing and refusing payment of policy benefits for the damage to Plaintiff's roof when AXIS knew that it was entitled to those benefits;

b. failing to properly investigate Ada's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

c. refusing to honor Ada's claims for reasons contrary to the express provisions of the policy and/or Oklahoma law;

d. refusing to honor Ada's claims in some instances by applying restrictions not contained in the policy, i.e., that the policy doesn't cover "cosmetic" damage and that the damage has to be conspicuous from the street;

e. refusing to honor Ada's claims in some instances by knowingly misconstruing and misapplying provisions of the policy, i.e., that the policy requires damage to affect the "function" of the building in order to be covered;

f. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Ada's claims; i.e., allowing adjusters to make up new rule and definitions for covered damage;

g. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Ada's claims once liability had become reasonably clear;

h. forcing Ada, pursuant to its standard claims practice, to retain counsel in order to secure benefits AXIS knew were payable;

i. failing to properly evaluate any investigation that was performed;

j. refusing to consider the reasonable expectations of the insured;

k. failing and refusing to properly investigate and consider the insurance coverage promised to their insured;

l. issuing coverage and knowing they had insured the risk, knowing the nature of the risk and then refusing to honor the coverage they intended to issue,

m. ignoring the known law of waiver and estoppel by refusing to provide benefits they knew were promised to their insured;

n. unreasonably delaying any prompt payment of policy benefits; and,

o.  refusing to fully investigate, properly evaluate and promptly pay at least those amounts of damage it found from the storm; and

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to AXIS.

10. As a direct result of AXIS's breach of contract and bad faith Ada has suffered loss of the policy benefits in the amount of $116,889.62.

11. AXIS recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith and Ada is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, for its damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages against AXIS is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

**MANSELL ENGEL & COLE**

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, OK 73102
T: (405) 232-4100 ** F: (405) 232-4140
E-mail: mec@meclaw.net

**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

4